**UNITED STATES v. SCOBLICK BROS., Inc. et al.**

Cr. No. 12319.

United States District Court
M. D. Pennsylvania.

Sept. 9, 1953.

John F. Donohue, Philadelphia, Pa., Regional Atty., U. S. Dept. of Agriculture, for plaintiff.

Walter L. Hill, Scranton, Pa., for defendants.

WATSON, Chief Judge.

This is a motion by the Government to adjudicate the defendants in criminal contempt for wilful disobedience of the decree of injunction issued by this Court on January 6, 1949. An order to show cause why defendants should not be found guilty of criminal contempt of this Court was issued, and a hearing was held.

From the evidence, the Court now makes the following findings of fact and conclusions of law:

Findings of Fact.

1. On May 25, 1948, the Government instituted in this Court a civil action to enjoin and restrain the defendants from violating certain provisions of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C.A. § 499a.

2. Thereafter, on January 6, 1949, this Court entered a final decree in said action permanently enjoining and restraining Scoblick Brothers, Inc., its officers, agents, employees, associates, servants and assigns, and each of them, and all persons in active concert or participation with them, or either or any of them from violating the provisions of Section 499a(6) of the Act in the following manner:

(a) Engaging in the business of a dealer, broker, or commission merchant in perishable agricultural commodities in interstate commerce within the meaning of such terms as they are defined in the Perishable Agricultural Commodities Act without a license issued to it under the Act.

3. The blueberries delivered to Wagner Baking Corporation in Newark, New Jersey, California Pie & Baking Corporation in Brooklyn, New York, and to Edward Baker, Inc., in New York City, New York, were purchased from growers in the State of Maine or grown by Scoblick Brothers, Inc., in the State of Maine and taken to

Scoblick Brothers, Inc., plant located in the State of Maine where they were picked, washed, packed, and transported by truck direct to the pie-makers named for use by said pie-makers as one of the ingredients in the manufacture of pies.

4. That since the entry of this Court's decree, the defendant, Scoblick Brothers, Inc., purchased apples in the State of Virginia.

5. That since the entry of this Court's decree, the defendants have not engaged in and have not operated the business of a dealer, broker or commission merchant in perishable agricultural commodities in interstate commerce without a license issued to it under the Act.

### Conclusions of Law.

1. No producer shall be considered as a "dealer" in respect of sales of any such commodity of his own raising. 7 U.S.C.A. § 499a(6).

2. No person buying any such commodity for canning and/or processing within the State where grown shall be considered a "dealer" whether or not the canned or processed product is to be shipped in interstate or foreign commerce. 7 U.S.C.A. §. 499a(6).

3. The transactions involving blueberries were conducted by Scoblick Brothers, Inc., as a processor of fruit for persons engaged in the business of making pies.

4. The Government has failed to sustain its burden of proving that the defendants were engaged in the business of buying or selling in carloads any perishable agricultural commodity in interstate or foreign commerce.

5. The Government has failed to prove beyond a reasonable doubt that the defendants, since the entry of this Court's decree of injunction on January 6, 1949, have knowingly, wilfully, wrongfully, and deliberately disobeyed and violated said injunction decree.

The defendants are not guilty of criminal contempt of the decree of injunction issued by this Court on January 6, 1949, and an appropriate order will be made.